IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL HARNEY, | : |
| Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| AEROJET ROCKETDYNE HOLDINGS, INC., KEVIN P. CHILTON, THOMAS A. CORCORAN, EILEEN P. DRAKE, JAMES R. HENDERSON, WARREN G. LICHTENSTEIN, LANCE W. LORD, AUDREY A. MCNIFF, and MARTIN TURCHIN, | : **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
| Defendants. | : |

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF ACTION

1. On December 20, 2020, Aerojet Rocketdyne Holdings, Inc. ("Aerojet" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Lockheed Martin Corporation ("Parent") and Mizar Sub, Inc. ("Merger Sub") (collectively, "Lockheed Martin") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Aerojet's stockholders will receive $56.00 per share.

3. On February 5, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Aerojet common stock.

9. Defendant Aerojet is a Delaware corporation. Aerojet's common stock is traded on the NYSE under the ticker symbol "AJRD."

10. Defendant Kevin P. Chilton is a member of the Board of Directors of Aerojet (the "Board").

11. Defendant Thomas A. Corcoran is a member of the Board.

12. Defendant Eileen P. Drake is President, Chief Executive Officer, and a member of the Board.

13. Defendant James R. Henderson is a member of the Board.

14. Defendant Warren G. Lichtenstein is Chairman of the Board.

15. Defendant Lance W. Lord is a member of the Board.

16. Defendant Audrey A. McNiff is a member of the Board.

17. Defendant Martin Turchin is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Aerojet is an aerospace and defense leader that provides propulsion systems and energetics to the space, missile defense and strategic systems, and tactical systems areas, in support of domestic and international customers.

20. On December 20, 2020, Aerojet entered into the Merger Agreement, under which Aerojet's stockholders will receive $56.00 per share.

21. The press release announcing the Proposed Merger provides as follows:

Aerojet Rocketdyne Holdings, Inc. (NYSE: AJRD) today announced that it has entered into a definitive agreement to be acquired by Lockheed Martin Corporation (NYSE: LMT) in an all-cash transaction with a total equity value of $5.0 billion.

Under the terms of the agreement, which has been unanimously approved by each company's Board of Directors, Lockheed Martin will acquire Aerojet Rocketdyne for $56.00 per share in cash, representing a premium of approximately 33% to Aerojet Rocketdyne's closing stock price on December 18, 2020, and a premium of approximately 42% to the Company's volume weighted average stock price ("VWAP") for the last 90 trading days.

As part of the transaction, Aerojet Rocketdyne declared a $5.00 per share pre-closing special dividend to holders of its common shares and convertible senior notes, on an as-converted basis. The special dividend will be paid on March 24, 2021, to holders of record as of March 10, 2021. The payment of this special dividend, unless revoked, will adjust the consideration to be paid by Lockheed Martin to $51.00 per share at closing. []

The transaction is expected to close in the second half of 2021 and is subject to the satisfaction of customary closing conditions, including regulatory approvals and approval by Aerojet Rocketdyne's stockholders. A transition team will be formed to allow for a seamless integration and ensure continuity for customers, employees

and other stakeholders.

Advisors

Citigroup Global Markets Inc. and Evercore were co-lead financial advisors to Aerojet Rocketdyne. Jenner & Block LLP acted as M&A counsel and Gibson, Dunn & Crutcher LLP acted as Securities counsel.

22. On February 5, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Analyses

23. The Proxy fails to disclose material information regarding the financial analyses performed by Citigroup Global Markets Inc. ("Citigroup") and Evercore Group L.L.C. ("Evercore"), the Company's financial advisors. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

24. The Proxy fails to disclose the following with respect to Citigroup's Discounted Cash Flow Analysis: (i) the line items used to calculate unlevered free cash flow; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (iv) the net debt; and (v) the number of fully diluted shares of common stock outstanding.

25. The Proxy fails to disclose the following with respect to Citigroup's Present Value of Future Share Price Analysis: (i) the basis for applying multiples of 9.5x to 10.9x; (ii) the net debt; (iii) the number of fully diluted shares of common stock outstanding; and (iv) the inputs and assumptions underlying the discount rate.

26. The Proxy fails to disclose the following with respect to Citigroup's research analyst price targets analysis: (i) the price targets; (ii) the sources of the price targets; and (iii) the

inputs and assumptions underlying the discount rate.

27.    The Proxy fails to disclose the following with respect to Citigroup's premiums paid analysis: (i) the transactions observed; and (ii) the premiums paid in the transactions.

28.    The Proxy fails to disclose the following with respect to Evercore's Discounted Cash Flow Analysis: (i) the line items used to calculate unlevered free cash flow; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (iv) the total debt, cash and marketable securities, net environmental asset position, forecast cash contributions to fund pension liabilities, and value of real estate; and (v) the number of fully diluted shares of common stock outstanding.

29.    The Proxy fails to disclose the following with respect to Evercore's research analyst price targets analysis: (i) the price targets; and (ii) the sources of the price targets.

30.    The Proxy fails to disclose the following with respect to Evercore's Illustrative Present Value of Future Share Price Analysis: (i) the basis for using multiples of 20.6x to 22.6x; and (ii) the inputs and assumptions underlying the discount rates.

31.    The Proxy fails to disclose the following with respect to Evercore's premiums paid analysis: (i) the transactions observed; and (ii) the premiums paid in the transactions.

Financial Projections

32.    The Proxy fails to disclose material information regarding Aerojet's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by a company's financial advisor in support of its fairness opinion.

33.    The Proxy fails to disclose the following regarding the Company's financial

projections: (i) the line items used to calculate EBITDA, Adjusted EBITDA, Unlevered Free Cash Flow, and Adjusted Unlevered Free Cash Flow; (ii) projected net income; and (iii) a reconciliation of the non-GAAP to GAAP metrics.

<u>Background of the Proposed Merger and Potential Conflicts of Interest</u>

34. The Proxy fails to disclose the terms of the nondisclosure agreements executed during the process leading up to the Proposed Merger.

35. The Proxy fails to disclose the timing and nature of all communications regarding the future employment and directorship of Aerojet's officers and directors, including who participated in all the communications.

36. If disclosed, the omitted information would significantly alter the total mix of information available to Aerojet's stockholders.

## COUNT I

**Claim Against the Individual Defendants and Aerojet for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

37. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

39. Aerojet is liable as the issuer of these statements.

40. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

41. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

43. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

44. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

45. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

46. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

47. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Aerojet within the meaning of Section 20(a) of the Exchange Act as alleged herein.

49. Due to their positions as officers and/or directors of Aerojet and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

52. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

53. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

54. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

55. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

56. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.	Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.	Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.	Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  February 26, 2021                    **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*